**Harlan FRIEND, Appellant,**

v.

**John Curtis BEARD, Appellee.**

**No. 5790.**

Court of Civil Appeals of Texas,
Waco.

May 25, 1978.

Rehearing Denied June 22, 1978.

Richard N. Evans, Evans & Lee, Beaumont, for appellant.

Wayne Fisher, Fisher, Roch & Gallagher, Houston, for appellee.

HALL, Justice.

This appeal is from an order overruling the defendant lawyer's plea of privilege in a malpractice suit against him. In question

are the legal and factual sufficiency of the evidence to support findings of negligence and proximate cause. We affirm the trial court's ruling.

Plaintiff John Curtis Beard filed this suit in Harris County against Harlan Friend, the defendant attorney, alleging that plaintiff received severe personal injuries which were proximately caused by the negligence of Humble Pipeline Company in certain particulars; that plaintiff employed defendant attorney to represent him in his action for damages; that defendant filed suit against Humble Oil and Refining Company instead of Humble Pipeline Company; that defendant negligently failed to determine "through interrogatories or requests for admissions, or otherwise," whether Humble Oil and Refining Company was the correct defendant; that "because of such negligent and careless handling of plaintiff's cause of action" defendant permitted the cause to become barred by the two-year statute of limitations by negligently failing to file suit against Humble Pipeline Company within the required time; that defendant "also failed to keep plaintiff adequately and properly informed as to the facts surrounding the development of his suit"; and that as a proximate result of defendant's negligence plaintiff has suffered particularized damages totaling $500,000.00.

Defendant filed his plea of privilege to have the case transferred to Liberty County, the county of his residence. Plaintiff controverted the plea and asserted the suit could be maintained in Harris County under the provisions of § 9a, Article 1995, Vernon's Tex.Civ.St. After a hearing without a jury, the plea of privilege was overruled. Defendant appeals.

Findings of fact and conclusions of law were not requested nor filed. Accordingly, the presumption obtains that the court implicitly made all necessary fact findings in support of the judgment. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609, 613 (1950).

In its pertinent parts, subdivision 9a, Article 1995, permits a lawsuit to be filed and held outside the county of the defendant's residence provided the plaintiff establishes by a preponderance of the evidence (1) that a negligent act or omission of the defendant occurred in the county of suit, and (2) that the negligence was a proximate cause of the plaintiff's injuries. In our case, defendant contends there is no evidence to support the implied findings that he committed a negligent act in Harris County, or that such negligence if committed proximately caused injury to plaintiff. Alternatively, defendant asserts those findings are against the great weight and preponderance of the evidence.

The following facts are shown in the record. Defendant attorney resides in the City of Liberty, in Liberty County, and maintains his office there for the practice of law. Plaintiff also resides there. On September 27, 1967, plaintiff was a laborer for T & T Pipeline Contractors engaged in laying four pipelines in Harris County for Humble Pipeline Company. On that day he was seriously injured when he unscrewed a "bull plug" from the end of one of the pipelines he was installing. A bull plug is a cap which is screwed onto the end of a pipeline to hold pressure inside the line for conducting tests. Plaintiff was told to unscrew the bull plugs by an inspector employed by Humble Pipeline Company to oversee and supervise the work of the T & T crew. The inspector told plaintiff that all four lines had been depressurized and that it was therefore safe to remove the bull plugs. Plaintiff removed two plugs without incident. However, the third line had not been depressurized, and the plug on it blew out when plaintiff attempted to remove it causing injury to him. He was hospitalized forty-eight days in Harris County for treatment. While he was in the hospital defendant visited him and he employed defendant there to represent him. Defendant filed a workmen's compensation case in a District Court in Harris County and settled that case, and approved the judgment rendered on the settlement, in Harris County on December 12, 1969. On that date the two-year statute of limitations began to run on plaintiff's third-party action against Humble

Pipeline Company under the election-of-remedies provisions of Article 8307, § 6a, Vernon's Tex.Civ.St., at that time. On February 23, 1970, defendant filed a lawsuit on behalf of plaintiff against Humble Oil and Refining Company in a District Court in Harris County for recovery of plaintiff's personal injury damages. Before the suit was filed, and during the period between December 12, 1969, when the statute of limitations in the lawsuit against the correct third-party defendant, Humble Pipeline Company, began to run, and December 12, 1971, when that third-party action became barred by limitations, defendant failed to ascertain and did not attempt to ascertain through any vehicle of judicial discovery or otherwise whether Humble Pipeline Company was the correct defendant. In October, 1971, before the action was barred by limitations, defendant filed an agreed motion to pass a trial setting, signed by him, in the District Court in Harris County where the case was pending. Again, in March, 1972, defendant filed in that court a motion for continuance signed by him. In November, 1973, defendant and plaintiff appeared in court in Harris County for a trial setting. Defendant then learned for the first time that he had filed suit against the wrong party, and that the case was therefore barred by limitations. He did not tell plaintiff those facts, but instead told him there in Harris County that the trial had been postponed. Thereafter, plaintiff contacted defendant at intervals of two or three months at defendant's office inquiring about the status of the case. Defendant would tell plaintiff that he was continuously working on the case. Finally, in 1976, plaintiff secured the case file from defendant and learned that the wrong defendant had been sued and that the case was barred by the statute of limitations. The suit was dismissed in April, 1976. Expert testimony was adduced to the effect that defendant's conduct in filing the lawsuit without making some effort to verify he had the proper defendant, and in failing to advise plaintiff the wrong defendant had been sued when that was learned, fell below the standard of ordinary care of lawyers practicing in Harris County and Liberty County.

The recited evidence is legally sufficient to support implied findings to the effect that plaintiff suffered personal injuries as a proximate result of the negligence of Humble Pipeline Company's inspector; that defendant's act of filing plaintiff's suit for damages (which was done in Harris County) against the wrong party without first attempting to determine the proper party to sue was negligence; that such negligence was a proximate cause of the suit being barred by the two-year statute of limitations and the resulting loss to plaintiff; that when plaintiff and defendant were in Harris County together in November, 1973, and defendant first learned he had filed the suit against the wrong party and the suit was barred, defendant's failure to apprise plaintiff of those facts was negligence; and that such negligence was a proximate cause of plaintiff continuing thereafter to make visits to defendant's office every two or three months until 1976 to learn the status of the case, thereby necessarily causing plaintiff some monetary loss.

Those findings support the judgment. In the light of the whole record they are not against the great weight and preponderance of the evidence.

The judgment is affirmed.